UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

                  - against -

VITO GUZZO,

                Defendant.

-----------------------------------------------------------------

                                      FILED UNDER SEAL

                                        **MEMORANDUM & ORDER**
                                        95-CR-754 (MKB)

MARGO K. BRODIE, United States District Judge:

       On September 14, 1998, Defendant Vito Guzzo pled guilty to an eighteen-count

superseding information including one count of racketeering in violation of 18 U.S.C. § 1962(c);

one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d); five counts of murder

in violation of 18 U.S.C. § 1959(a)(1); five counts of murder conspiracy and attempted murders

in violation of 18 U.S.C. § 1959(a)(5); two counts of Hobbs Act robbery in violation of 18

U.S.C. § 1951(a); three counts of assault with a dangerous weapon in violation of 18 U.S.C. §

1959(a)(6); and one count of Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951(a).

(*See* Presentence Investigation Report ("PSR") ¶¶ 1–35, Docket Entry No. 587-2.)  On October

16, 1998, Judge Sterling Johnson Jr. sentenced Guzzo to 456 months of imprisonment followed

by a term of five years of supervised release, which was the sentence Guzzo agreed to in the plea

agreement.  (*See* Docket Entry of Oct. 20, 1998.)[1]

---

      [1]  The docket lists a sentence of 856 months which appears to be a typographical error.
The Bureau of Prisons ("BOP") records indicate that Guzzo was sentenced to 456 months.  (*See*
Gov't Resp. in Opp'n to Def.'s Mot. 6 ("Gov't Opp'n"), Docket Entry No. 587; Ex. A, annexed
to Gov't Opp'n, Docket Entry No. 587-1.)

On September 26, 2022, Guzzo filed a pro se motion for compassionate release,[2] requesting a reduction of his sentence to time served on the basis that he is susceptible to COVID-19 because of his age and medical concerns, his "extraordinary long sentence," his "extraordinary rehabilitation," and contends that a reduction would be consistent with the factors set forth in 18 U.S.C. § 3553(a). (Mot. for First Step Act ("Def.'s Mot.") 3–11, Docket Entry No. 584.) On November 2, 2022, the Government opposed Guzzo's motion, arguing that he has not shown extraordinary and compelling circumstances warranting release and that a sentence reduction is inconsistent with the section 3553(a) factors. (Gov't Resp. in Opp'n to Def.'s Mot. ("Gov't Opp'n") 1, Docket Entry No. 587.) On January 17, 2023, counsel for Guzzo filed a reply to the government's response in further support of Guzzo's motion for release. (Letter in Reply to Gov't Resp. ("Def.'s Reply"), Docket Entry No. 595.)

For the reasons discussed below, the Court denies Guzzo's motion.

## I. Background

### a. Investigation, conviction, and sentencing

On April 8, 1997, law enforcement agents arrested Guzzo at his residence. (PSR ¶ 91.) Guzzo was considered the leader of the Giannini Crew, which was an organized criminal organization that operated in the Eastern District of New York and elsewhere and maintained criminal affiliations with the Colombo, Gambino, and Bonnano Crime Families of La Cosa Nostra. (PSR ¶¶ 38–42; 92.) Guzzo "personally" murdered John Ruisi, Steven Pagnozzi, Ralph Campione Sciulla, Anthony Mesi, and John Borrelli; and also "conspire[ed] to murder

---

[2] Guzzo initially filed a pro se motion for compassionate release on September 26, 2022, (Mot. to Reduce Sentence, Docket Entry No. 580), but refiled a motion under seal on October 12, 2022, (Mot. for First Step Act ("Def.'s Mot."), Docket Entry No. 584). Both motions are substantially similar.

Sebastiano DiFalco, Vincent Ricciardo, Paul Schiava, Joseph Conte, and John Schneider." (PSR ¶ 92.) Guzzo "was the organizer" for each of the above offenses which involved "devising strategies, recruiting the accomplices, and supplying the equipment and weapons used by the assailants." (*Id.*) Guzzo also "attempt[ed] to possess with intent to distribute at least 100 pounds of marijuana," committed the "arson" of Pagnozzi's car, "brandished" firearms during a robbery, "conspired to rob a diamond merchant," and participated in assaults on Tara Roman and two unidentified individuals. (*Id.*)

On September 14, 1998, Guzzo pled guilty to an eighteen-count superseding information, (PSR ¶¶ 1–35, 37), and on October 16, 1998, Judge Johnson sentenced Guzzo to 456 months of imprisonment followed by five years of supervised release.[3] (*See* Docket Entry No. 441; n.1 *supra.*)

### b. Incarceration history

Guzzo has received four disciplinary infractions while in BOP custody. (*See* Gov't Opp'n 6.) In May of 1997, he was sanctioned for giving/accepting money without authorization; in February of 1998, he was sanctioned for assault with serious injury; in May of 2014, he was sanctioned for disruptive conduct; and in April of 2015, he was sanctioned for fighting. (*Id.*)[4]

While incarcerated, Guzzo completed over 130 programs, (*see* Ex. D annexed to Def.'s Reply 4, Docket Entry No. 595-4), and the BOP commented in his Progress Report that he "has good character and does what is asked by staff . . . is always polite, respectful and hard working" and is seen as a "model inmate," (*id.* at 2, 5). Guzzo has also been given a "minimum"

---

[3] This case was reassigned to the undersigned on October 12, 2022. (Docket Entry of Oct. 12, 2022.)

[4] The parties dispute whether the most recent sanction for fighting involved a fight between members of organized crime groups or not. (*See* Gov't Opp'n 6; Def.'s Reply 11–12.)

recidivism risk by the BOP.  (*See* Ex. E annexed to Def.'s Reply, Docket Entry No. 595-5.)

The parties dispute whether Guzzo continued his involvement in organized crime while incarcerated.  The government contends that, according to government sources, Guzzo "was inducted within the past decade as a made member of the Colombo crime family, during his incarceration at FCI Danbury."  (Gov't Opp'n 6.)  Guzzo "categorically denies [the] allegation" and points out that the government does not provide any substantive evidence in support of its claim.  (Def.'s Reply 11.)

### c.   Compassionate release application

On September 26, 2022, Guzzo filed a pro se motion for compassionate release and filed a substantially similar motion under seal on October 12, 2022.  (Def.'s Mot.)  In support of his motion, Guzzo argues (1) he is more susceptible to COVID-19 due to his age[5] and "medical concerns," (*id.* at 3–5); (2) he has an "extraordinar[ily] long sentence," (*id.* at 5–7), that was made harsher by COVID-19 protocols, (Def.'s Reply 7–9); (3) he has undergone "extraordinary rehabilitation," (Def.'s Mot. 7–8); and (4) the section 3553(a) factors support his release, (*id.* at 8–11).

The Government argues that Guzzo has not shown extraordinary and compelling circumstances warranting release and that a sentence reduction would be inconsistent with the section 3553(a) factors.  (Gov't Opp'n 1.)

## II.   Discussion

### a.   Standard

"[O]ther than the limited exceptions provided by statutes . . . courts are not free to modify sentences at will."  *United States v. Martin*, 974 F.3d 124, 135 (2d Cir. 2020); *see United States*

---

[5]  Guzzo is now 58 years of age.

*v. Friedlander*, No. 20-CR-441, 2022 WL 280800, at *1 (E.D.N.Y. Jan. 31, 2022) ("A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." (quoting *United States v. Rabuffo*, No. 16-CR-148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020))). "A district court may, in an exercise of its discretion, reduce an inmate's term of imprisonment by granting a motion brought under 18 U.S.C. § 3582(c)(1)(A) — the 'compassionate release' provision." *United States v. Van Der End*, No. 21-2079-CR, 2023 WL 193633, at *1 (2d Cir. Jan. 17, 2023). "[T]here are three requirements that must be satisfied before a court can grant such relief" — namely, (1) "absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities";[6] (2) "a court must 'consider[] the factors set forth in [section] 3553(a) to the extent that they are applicable'"; and (3) "the inmate must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, in light of these [section] 3553(a) factors, a sentence reduction is justified under [section] 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed."[7] *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (alterations in original) (quoting 18 U.S.C.

---

[6] The government does not contest that Guzzo has exhausted his administrative remedies.

[7] "The statute sets out a fourth requirement: that the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Keitt*, 21 F.4th 67, 71 n.2 (2d Cir. 2021) (per curiam) (quoting 18 U.S.C. § 3582(c)(1)(A)). However, the Second Circuit has "held that, at present, the policy statement governing compassionate release — U.S.S.G. § 1B1.13 — governs only motions brought by the Director of the Bureau of Prisons, not those brought directly by inmates." *Id.* (citing *United States v. Brooker*, 976 F.3d 228, 236–37 (2d Cir. 2020)). The Sentencing Commission recently proposed an amendment to U.S.S.G. § 1B1.13 to reflect that 18 U.S.C. § 3582(c)(1)(A) authorizes a defendant to file a motion seeking a sentence reduction. *See* Proposed 2023 Amendments to the Federal Sentencing Guidelines 4–6, U.S. Sent'g Comm'n (proposed Feb. 2, 2023), https://www.ussc.gov/guidelines/amendments/proposed-2023-amendments-federal-sentencing-guidelines. The proposed amendments are currently undergoing a notice-and-comment period.

§ 3582(c)(1)(A)); *see also, e.g.*, *United States v. Davis*, No. 21-716, 2022 WL 1320316, at *2 (2d Cir. May 3, 2022) (citing *Keitt*, 21 F.4th at 71); *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam); *United States v. Cummings*, No. 20-CR-3156, 2021 WL 4142844, at *1 (2d Cir. Sept. 13, 2021); *United States v. DiBiase*, 857 F. App'x 688, 688–89 (2d Cir. 2021); *United States v. Fernandez*, 853 F. App'x 730, 731–32 (2d Cir. 2021); *United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020).

"A court deciding a compassionate release motion can consider 'the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it].'" *Keitt*, 21 F.4th at 71 (alteration in original) (quoting *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)); *Jones*, 17 F.4th at 374 n.3 ("[D]istrict courts are not confined to those reasons set forth by the [Bureau of Prisons] Director in evaluating compassionate release motions brought by defendants and instead are free 'to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them.'" (quoting *Brooker*, 976 F.3d at 235–37)); *United States v. Souza*, No. 20-3829, 2021 WL 3871262, at *1 (2d Cir. Aug. 31, 2021) ("[T]he Sentencing Commission's policy statements do not 'constrain district courts' discretion to consider whether any reasons are extraordinary and compelling.'" (quoting *Brooker*, 976 F.3d at 236)).

However, if a defendant cannot satisfy the applicable section 3553(a) sentencing factors, then a district court "need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *Van Der End*, 2023 WL 193633, at *1 (quoting *Keitt*, 21 F.4th at 73); *see Jones*, 17 F.4th at 374 (noting that because "extraordinary and compelling reasons are necessary — but not sufficient — for a defendant to obtain relief . . . , panels of this [c]ourt have, in non-precedential summary orders,

assumed the[ir] existence . . . but held that a district court's 'reasonable evaluation of the [applicable] [s]ection 3553(a) factors' is 'an alternative and independent basis for denial of compassionate release'" (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021))); *see also, e.g.*, *United States v. Cherry*, No. 21-913, 2022 WL 1210663, at *2 (2d Cir. Apr. 25, 2022) ("[S]ection 3582(c) permits a district court to reduce a sentence only if, '*after* considering the factors set forth in section 3553(a),' it 'finds that extraordinary and compelling reasons warrant such a reduction.' Thus, . . . a finding that the section 3553(a) factors disfavor early release is independently sufficient to deny a compassionate-release motion . . . .'" (first quoting 18 U.S.C. § 3582(c)(1)(A); and then citing *Keitt*, 21 F.4th at 73)); *Souza*, 2021 WL 3871262, at *2 (affirming ruling that "even if [a defendant]'s medical conditions demonstrated extraordinary and compelling reasons for release, 'the factors set forth in [section 3553(a)] militate toward continued confinement'" (quoting *United States v. Bolino*, No. 06-CR-806, 2020 WL 4749807, at *2 (E.D.N.Y. Aug. 17, 2020))); *Roney*, 833 F. App'x at 853 ("We need not decide whether [the appellant] has proffered an extraordinary and compelling reason that warrants his release . . . because, even assuming *arguendo* that he has, we discern no abuse of discretion in the district court's conclusion that release is nevertheless unwarranted upon consideration of the [section] 3553(a) factors."); *United States v. Mattes*, No. 20-CR-2349, 2022 WL 260395, at *2 (2d Cir. Jan. 28, 2022) ("[A] district court's reasonable evaluation of the [s]ection 3553(a) factors is an alternative and independent basis for denial of compassionate release." (quoting *Jones*, 17 F.4th at 374)).

### b. The sentencing factors do not favor release

Guzzo argues that his "serious health conditions" represent an "extraordinary circumstance that warrants early release." (Def.'s Reply 3–5.) In support, he argues that he is

"blind in one eye, missing a spleen (asplenic), has had basal cell carcinoma skin cancer, is missing a portion of his lungs, suffered and underwent surgery for an inguinal (groin) hernia, will almost certainly require another operation for a second hernia in the near future, and contracted COVID-19 in 2021." (*Id.*) In addition, Guzzo argues he has an extraordinarily long sentence which has been "more punitive than originally contemplated" due to COVID-19 protocols. (Def.'s Mot. 5–7; Def.'s Reply 7–9.) He argues that his guidelines sentencing range was incorrectly calculated, courts have routinely reduced life sentences, and that the restrictions within the BOP during the pandemic constitute an extraordinary and compelling circumstance justifying release. (*See id.*) Guzzo also argues that he has undergone "extraordinary rehabilitation" including "completing a large number of programs that contribute to personal betterment," "participat[ing] in preventing another inmate's suicide," maturing from a rash young man to empathic adult, and maintaining a good disciplinary record during his lengthy imprisonment. (Def.'s Reply 9–10.) Finally, Guzzo argues his release is warranted by the section 3553(a) factors because his 25 years of incarceration "reflect the seriousness of [his] offense," "promote respect for the law," and "provide just punishment." (Def.'s Mot. 10 (quoting 18 U.S.C. § 3553(a)).) Guzzo cites various district courts in this Circuit which have granted compassionate release to individuals convicted of murder and serving sentences longer than Guzzo's. (*See* Def.'s Reply 17–18.)

The government argues that there is no evidence to conclude that Guzzo "faces a unique risk of severe illness from COVID-19 or that the BOP would be unable to provide adequate medical treatment to Guzzo if he again becomes ill." (Gov't Opp'n 8.) In addition, the government argues that the sentence imposed on Guzzo was not excessive because he committed serious crimes, agreed to his sentence pursuant to a plea agreement, and offers no authority that a

lengthy sentence can constitute an "extraordinary and compelling" circumstance to justify early release. (*Id.* at 10–11.) The government also argues that Guzzo's rehabilitative efforts are "not extraordinary" nor are they a legal basis for granting relief because rehabilitation alone is insufficient. (*Id.* at 11.) Finally, the government argues that early release would be "totally inconsistent with the [section] 3553(a) factors" because Guzzo's crimes were extremely serious and "the needs for just punishment, specific deterrence and general deterrence all strongly favor denial of the Motion." (Gov't Opp'n 12.)

The requested relief is inconsistent with the section 3553(a) factors. *See Roney*, 833 F. App'x at 853 (affirming denial of compassionate release where the district court had weighed the defendant's "serious medical conditions," the "seriousness of his offense conduct," and "the need for his original sentence to remain in place to promote respect for the law and to provide just punishment," among other section 3553(a) factors). Although the Court takes seriously the threat posed by the pandemic to incarcerated individuals and sympathizes with Guzzo, who has already contracted COVID-19 once while in custody, Guzzo's medical conditions do not warrant reducing his sentence. *See United States v. DiMartino*, No. 21-CR-81, 2022 WL 761511, at *1 (2d Cir. Mar. 14, 2022) (affirming denial of compassionate release where defendant suffered from "asthma, hypertension, obesity, sleep apnea, heart disease, and high cholesterol" and alleged that this put him "at a higher risk of complications from COVID-19"). In addition, Guzzo is vaccinated against COVID-19, (Def.'s Reply 4), reducing the risks associated with COVID-19. *See United States v. Hunter*, No. 21-1773, 2022 WL 2288688, at *2 (2d Cir. June 24, 2022) (affirming denial of compassionate release where defendant had "underlying medical conditions" but was "protected against the COVID-19 pandemic with two doses of the . . . vaccine" and noting that "the vaccine remains a highly effective means of preventing the most

severe effects of COVID-19" (collecting cases)); *United States v. Patel*, No. 21-1746, 2022 WL 1634454, at \*2 (2d Cir. May 24, 2022) ("[B]ecause [the defendant] has now been vaccinated, any risk of severe illness from COVID-19 has been substantially decreased." (citations omitted)); *United States v. Jeffries*, No. 14-CR-6001, 2022 WL 2036331, at \*1 (W.D.N.Y. June 7, 2022) ("Furthermore, . . . [the defendant] has been twice vaccinated for the virus and that fact alone warrants dismissal of this motion . . . ."); *United States v. Reiter*, No. 87-CR-132, 2021 WL 1424332, at \*7–8 (S.D.N.Y. Apr. 15, 2021) (noting that obesity put defendant at increased risk of severe illness from COVID-19 but that the risk was reduced because the defendant was vaccinated and the spread of the virus at his facility was controlled).

Guzzo's sentence is not extraordinarily long in light of his eighteen convictions, which include five murders in aid of racketeering and other violent crimes. (*See* PSR ¶¶ 1–35; *see also* 18 U.S.C. § 1959(a)(1) (listing the death penalty or life imprisonment as punishments for murder in aid of racketeering).) "To the extent that [the defendant] relies on district court decisions granting compassionate release to defendants he deems to be similarly situated . . . those cases are non-binding . . . ." *United States v. Brown*, No. 21-122, 2021 WL 5872940, at \*2 (2d Cir. Dec. 13, 2021).

In addition, the Court acknowledges and applauds Guzzo's rehabilitative efforts including "completing a large number of programs that contribute to personal betterment," "participation in preventing another inmate's suicide," earning a "minimum" risk of recidivism from the BOP, and having a positive impact on his fellow inmates. (Def.'s Reply 9–17.) However, even assuming his rehabilitation constituted an "extraordinary and compelling circumstance," the section 3553(a) factors do not warrant a modification of Guzzo's sentence in light of the seriousness of his offenses. Guzzo committed five heinous murders using various

weapons as the leader of the Giannini Crew, and conspired to commit five others.  (*See* PSR ¶¶ 1–35; Gov't Opp'n 2–6.)  Guzzo was also convicted of a number of other violent crimes including arson and armed robbery.  (*See id.*)  The sentence that Judge Johnson imposed plainly "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, and . . . provide[s] just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A); *see United States v. Robinson*, No. 21-CR-1865, 2022 WL 2204126, at *3 (2d Cir. June 21, 2022) (holding that the district court did not abuse its discretion in finding that the defendant's "rehabilitation . . . was insufficient to justify relief"); *United States v. Vaughn*, No. 21-CR-1984, 2022 WL 2203857, at *1 (2d Cir. June 21, 2022) (affirming denial of compassionate release where district court "considered [the defendant's] medical condition exposing him to risk from COVID-19, his good behavior while incarcerated, and the support he will receive from his spouse upon release" but "nonetheless reasonably concluded that reducing [the defendant's] sentence by more than six years was unwarranted"); *United States v. Garcia*, No. 21-CR-1181, 2022 WL 2154675, at *2 (2d Cir. June 15, 2022) (affirming denial of compassionate release where district court acknowledged the defendant's commitment to rehabilitation but concluded that his criminal history and seriousness of his crime counseled against release); *United States v. Reyes*, No. 20-3285, 2022 WL 1669388, at *1 (2d Cir. May 26, 2022) (affirming denial of compassionate release where the "court acknowledged [the defendant's] efforts toward rehabilitation, [but] nevertheless found that the section 3553(a) factors weighed heavily against a sentence reduction" in light of the defendant's conduct); *United States v. Williams*, No. 22-4156, 2022 WL 1554649, at *2 (2d Cir. May 17, 2022) (affirming denial of compassionate release where "[t]he district court held that [the defendant] was not entitled to a sentence reduction under the [section] 3553(a) factors because of the seriousness of his offenses and because the danger to the community outweighed any

11

rehabilitative attempts, given the severity of his offenses which included murder, distributing drugs, and participating in a gang"); *United States v. Stinson*, No. 20-CR-3744, <mark>2021 WL 5499478</mark>, at *1 (2d Cir. Nov. 24, 2021) (affirming denial of compassionate release where the district court noted the defendant's rehabilitation and "positive contributions . . . to try to mentor other individuals and specifically young people to get their lives on track once they get out"); *Cummings*, <mark>2021 WL 4142844</mark>, at *2 ("While we commend [the defendant] for his efforts at self-improvement while incarcerated, we conclude that the [d]istrict [c]ourt did not abuse its discretion when it considered these points and still found that the [s]ection 3553(a) factors weighed against release.").

Because the section 3553(a) factors do not favor release, the Court denies Guzzo's motion.

## III. Conclusion

Accordingly, for the reasons explained above, the Court denies Guzzo's motion for compassionate release. The parties are directed to propose a redacted version of this Memorandum and Order within seven days of the filing of this decision.

Dated: February 15, 2023
        Brooklyn, New York

SO ORDERED:


_____/s/ MKB_____
MARGO K. BRODIE
United States District Judge